THE WINTER GARDEN, INC., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 8246.    Promulgated January 21, 1928.

*E. J. Aye, C. P. A.,* and *Whitney E. Smith, Esq.,* for the petitioner.
*Brice Toole, Esq.,* and *LeRoy Hight, Esq.,* for the respondent.

OPINION.

MARQUETTE: The petitioner bases its claim for the deduction of $15,000 as a loss upon section 234(a)(4) of the Revenue Act of 1921. This section provides that in computing net income there shall be allowed as a deduction losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business.

The respondent has denied the claim on the ground that it is unreasonable to suppose a group of men would conduct their business affairs in the manner in which petitioner bought and conducted the Roma Cafe. He therefore allocated $55,000 of the purchase price paid for that restaurant to lease, good will and the like, leaving $5,000 as the fair value of the equipment, and as the petitioner admits it kept and used $5,000 worth of the equipment, respondent concludes that no loss whatsoever was sustained by the petitioner. However good this line of reasoning may be, it starts with a false premise and reaches a wrong conclusion. We have to deal with a condition, as shown by the facts, not with a theory as to what constitutes sound business methods. The evidence shows that petitioner did purchase the Roma Cafe without knowing that the business was earning a profit; that petitioner intended at the time of purchase to continue operating the restaurant in its then condition, but that this plan was changed after three days' operation showed a loss. The evidence also shows that petitioner, through its officers, placed a valuation of $40,000 upon the lease and good will of the Roma Cafe, and a valuation of $20,000 upon the equipment of the restaurant, including expensive decorations. In the estimation of these men the dining-room equipment and decorations were valued at $13,000 and the kitchen equipment at $7,000. In the remodeling of the place there was practically no salvage as to the dining room, while about $2,000 worth of kitchen equipment was scrapped.

It is true that petitioner's valuations, as given above, were the opinion of corporate officers of petitioner, but these men had had years of experience in the lunch room and restaurant business and

were familiar with the values of property used therein. There is also evidence tending to show that the equipment which petitioner valued at $20,000 had actually cost nearly $70,000 some two and one-half years previously. This Board has held on several occasions that the opinion of the corporate officers as to the value of depreciated property is entitled to considerable weight. *Multibestos Co.*, 6 B. T. A. 1060; *Kilby Car & Foundry Co.*, 4 B. T. A. 1294; *Dilling Cotton Mills*, 2 B. T. A. 127. In view of all of the evidence, we are disposed to accept the values fixed by these witnesses.

We think, also, that there was no intent by the petitioner to remodel the Roma Cafe and change its character and atmosphere at the time of its purchase. This is corroborated by the fact that petitioner gave instructions to the steward to continue operating the restaurant as usual. This was done and supplies placed in store far in excess of the needs for only three days' business. The intention to remodel and change the atmosphere of the restaurant was an after-thought, following three days' experience in operation.

Our conclusion follows that petitioner did sustain a loss of $15,000 as claimed and such loss is deductible under section 234(a) (4) of the Revenue Act of 1921. *Evanston National Bank*, 1 B. T. A. 9; *Multibestos Co., supra.* As there was no appreciable depreciation in the equipment scrapped during the few days intervening between the time of its purchase and its demolition, the loss should be allowed in full.

*Judgment will be entered on 15 days' notice, under Rule 50.*